UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATE WARD THACKER,                          )
                                            )
        Plaintiff,                          )
                                            )
    vs.                                     )          Case No. 4:10CV02231JAR
                                            )
ETHICAL PRODUCTS, INC.,                     )
                                            )
        Defendant.                          )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ethical Products, Inc.'s Motion to Compel

Disclosure ("Motion"; ECF No. 40). This matter is fully briefed and ready for disposition.[1]

On September 29, 2011, Plaintiff made her initial disclosures under Fed.R.Civ.P.

26(a)(1)(A)(iii) and stated that a computation of her damages had not been made. (Motion, ¶1). On

April 4, 2012, Defendant promulgated interrogatories to Plaintiff asking for information regarding

her attorney's fees. (Id., ¶2). On May 4, 2012, Plaintiff answered this interrogatory with her total

attorney's fees incurred to date. (Id., ¶3). Thereafter, Defendant requested that Plaintiff supplement

her initial disclosures under Rule 26(a)(1)(A)(iii) and provide all documents, invoices, or

computations supporting her claim of attorney's fees. (Id., ¶4). Plaintiff refused to provide this

information because she considered it to be a new and untimely request, not a supplement of her

Rule 26 disclosures. (Id., ¶¶5-6). Defendant claims that this documentation is necessary for its

defense in this matter, particularly in light of the scheduled mediation. (Id., ¶¶8-9).[2] Defendant

---

[1]Defendant has not filed a reply in support of its Motion to Compel Disclosure. The time for
filing a reply has run. See E.D.Mo. L.R. 4.01(C).

[2]The Court notes that the parties held their mediation on May 24, 2012, but that the parties
did not achieve a settlement. (ECF No. 45).

admits that this request "may be premature" under Rule 54(d)(2)(A), but believes that the information is needed for mediation.  (Id., ¶10).

As anticipated, Plaintiff responds that Defendant's request for documentation of attorney's fees constitutes an untimely, new request.  (Plaintiff's Opposition to Defendant's Motion to Compel Disclosure ("Opposition"), ECF No. 41, *passim*).  Plaintiff claims that Defendant is attempting to recast its new discovery request as a supplement of the Rule 26 damages disclosure because its request was clearly untimely.  The deadline for completing discovery was April 13, 2012, but Defendant did not request the subject documentation until May 7, 2012.  Plaintiff asserts that "attorney's fees" are not "damages" and, therefore, Defendant's request for attorneys' fees documentation constitutes a new request.  Id.  Of particular importance, Plaintiff notes that, under the Copyright Act, "attorney's fees" are distinct from "damages."  (Opposition, p. 6 (citing 17 U.S.C. §504 (remedies for infringement: damages and profits); 17 U.S.C. §505 (remedies for infringement: costs and attorney's fees)).

The Court agrees that Defendant's request for documentation regarding attorney's fees was untimely.  In the context of a Copyright Act claim, attorney's fees and damages are separate and distinct.  17 U.S.C. §§504, 505.  Therefore, Plaintiff is not required to supplement her Rule 26 damages disclosure and provide attorney's fees documentation.  In addition, the Court finds that Defendant's request for attorney's fees information is premature because Plaintiff has not filed any motion for attorney's fees pursuant to Fed.R.Civ.P. 54(d).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ethical Products, Inc.'s Motion to Compel Disclosure (ECF No. 40) is **DENIED**.

Dated this 6th day of June, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE